IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LINDA M. BUTLER,                             05-CV-1036-BR

       Plaintiff,                        OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner Social Security,

       Defendant.


**REX Q. SMITH**
P.O. Box 757
Lake Oswego, OR  97034
(503) 236-5924

       Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2114

          Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Linda M. Butler brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act.  42 U.S.C. §§ 401-433.  This Court has jurisdiction under 42 U.S.C. § 405(g).

   Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.


                        **ADMINISTRATIVE HISTORY**

   Plaintiff filed her most recent application for DIB on March 20, 2002.  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 1, 2003.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, a medical expert, and a vocational expert (VE) testified at the hearing.

   The ALJ issued a decision on October 31, 2003, in which he

found Plaintiff was not entitled to benefits.  That decision became the final decision of the Commissioner on May 6, 2005, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on October 7, 1955, and was 47 years old at the time of the hearing.  Tr. 50, 296.[1]  She completed high school and one year of college.  Tr. 71.  Plaintiff has past relevant work as a bus driver.  Tr. 17, 66.

Plaintiff applied for DIB due to knee problems.  Tr. 13, 65.  The ALJ acknowledged Plaintiff has medically determinable impairments:  "bilateral knee pain with torn left medial meniscus and partial tear of the left medial collateral ligament and bilateral degenerative joint disease of the knees status post arthroscopy," mild bilateral carpal-tunnel syndrome, obesity, and fibromyalgia.  The ALJ, however, denied benefits based on his conclusion that Plaintiff retains the residual functional capacity (RFC) to perform a limited range of light exertional work.

---

[1] Citations to the official transcript of record filed with the Commissioner's Answer on November 14, 2005, are referred to as "Tr."

3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*,

4 - OPINION AND ORDER

53 F.3d at 1039-40.

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential process for determining whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  *See also* 20 C.F.R. § 416.920.  There is no dispute in this case regarding the first three steps.

For purposes of Step Four, the Commissioner must determine whether the claimant retains the RFC to perform work she has done in the past.  *Yuckert*, 482 U.S. at 141-42.  *See also* 20 C.F.R. § 416.920(e).  The claimant's RFC is an assessment of the sustained, work-related activities the claimant still can do on a regular and continuing basis despite the limitations imposed by his impairments.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling 96-8p.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  *Yuckert*, 482 U.S. at 141-42.  *See also* 20 C.F.R. § 416.920(e), (f).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Yuckert*, 482 U.S. at 141-42.  *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the Commissioner meets this burden, the claimant is

5 - OPINION AND ORDER

not disabled.  20 C.F.R. § 416.920(f)(1).

## DISCUSSION

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 14-16.

Plaintiff contends the ALJ (1) violated Plaintiff's right to due process because he did not provide Plaintiff with more than one hour for her hearing and (2) erred when he did not call a medical expert at the hearing.

**I.   The ALJ Did Not Deny Plaintiff Due Process.**

Plaintiff contends she did not have sufficient time to present live lay-witness testimony because the ALJ would not allow her more than one hour for her hearing, and, therefore, the ALJ violated Plaintiff's right to due process.

At the hearing, the ALJ and Plaintiff's counsel engaged in the following exchange:

>       ALJ:     Okay.  Do you have other witnesses?
>
>       ATTY:    We are not at 50 minutes, and our hearing is limited to 60 minutes,  So as it's reflected in the --
>
>       ALJ:     Your [*sic*] using up a lot of time explaining your answer.  Do you have other witnesses or don't you?
>
>       ATTY:    I just really wanted the record to reflect, that consistent with the hearing

6 - OPINION AND ORDER

> memorandum, the preparation change from preparing other lay testimony in view of the directive from the Hearing's Division that the hearing would be limited to one hour, Your Honor.
>
> ALJ:    Well, would you answer my question?  Do you have other witnesses?
>
> ATTY:    Your Honor, the answer is no with the explanation that was given.  Your Honor.
>
> ALJ:    Well, do you have other witnesses that you would have called, but find you don't have time to call?
>
> ATTY:    Your Honor, . . . once I had received the directive from the Hearings Division that the hearing was limited strictly to one hour, that was the factor that was instrumental in connection with *lawyer judgment* in connection with preparation for the hearing.
>
> ALJ:    Well, would you just answer my question. Do you have other witnesses you would like to have called if you didn't have a restriction on one hour, and if so -
>
> ATTY:    Your Honor, . . . I would only restate that I, in all likelihood, would have approached in preparation of the case in a different fashion. I probably would have explored with my client, people who I potentially could interview and screen, but that line of development did not occur . . . .
>
> ALJ:    So you have no other declarations or anything else from anyone?
>
> ATTY:    Your Honor, . . . for me to interview people and summarize what their lay testimony would be does not appear to be an appropriate substitute for live testimony. . . .
>
> ALJ:    Just a minute. . . .  You have a lot of tools in your toolbox.  You have declarations. You have affidavits.  You have live testimony.  I pointed that out in your letter.  If you choose to only use one of those tools . . ., well, that's a

7 - OPINION AND ORDER

>           decision only you can make.  I don't know what you
>           would of [sic] done had you sought to get a
>           declaration from someone.  I have no idea.  I can
>           just assure you that your sense of only wanting to
>           use one method of getting evidence before this
>           hearing is certainly fine with me, but don't blame
>           me for your not using those others.
>
>           ATTY:    Well, Your Honor, from the standpoint of
>           what due process would provide, . . . [t]he
>           claimant's position is that a reasonable amount of
>           lay testimony is consistent with the content of
>           due process . . . .   That would be the legal basis
>           upon which *my best lawyer judgment has been
>           exercised* to -
>
>           AJL:     We seem to have a rather inflexible
>           position here.  I don't care how you use your
>           hour. . . .  I don't think I'm going to find very
>           compelling your argument that if you don't get to
>           have live testimony, you're not going to provide
>           any evidence at all.  So, I'm going to read into
>           that that you've exercised your best lawyer
>           judgment and you don't think that there are any
>           declarations that are needed or you would have
>           provided them.  Certainly, that's your job to
>           provide representation. . . .  If you want
>           something more to say about it, that's fine.

Tr. 323-27 (emphasis added).

The Ninth Circuit has held a Social Security claimant is entitled to the following procedural due-process protections:

>           notice of the issues to be addressed at the
>           hearing [and] . . . an opportunity for a full
>           hearing, at which [a claimant can] present
>           evidence and argument, cross-examine witnesses,
>           and be represented by counsel.  If the substantive
>           determination of the ALJ [is] unfavorable to [a
>           claimant], . . . a full panoply of appellate
>           recourse both within the agency and in the federal
>           courts.

*Boettcher v. Sec'y of Health and Human Svcs.*, 759 F.2d 719 (9th Cir. 1985)(citation omitted).  Here the ALJ provided Plaintiff

8 - OPINION AND ORDER

with these protections.  As noted in the exchange above, Plaintiff's counsel exercised his "lawyer judgment" and chose (1) not to offer live lay-witness testimony, (2) not to offer lay-witness declarations or affidavits, and (3) not to make any form of an offer of proof.  Plaintiff is complaining on review about alleged errors for which she was responsible and that, as a result, do not establish the ALJ violated her due-process rights. *See Sovak v. Chugai Pharm. Co.,* 280 F.3d 1266, 1270 (9th Cir. 2002)("One may not complain on review of errors below for which he is responsible.")(citation omitted).  *See also Johnson v. I.N.S.*, 971 F.2d 340, 434-44 (9th Cir. 1992)(court applied "invited error doctrine" in the context of the review of an administrative decision).

Accordingly, the Court concludes the ALJ did not violate Plaintiff's due-process rights when he limited Plaintiff's hearing to one hour.

**II. The ALJ Sufficiently Developed the Record**.

Plaintiff contends the ALJ did not sufficiently develop the record because he did not call a medical expert at the hearing.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)(citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

9 - OPINION AND ORDER

Here the ALJ noted the results of Plaintiff's examination by James T. Nolan, M.D., on April 24, 2003, in which Dr. Nolan opined Plaintiff had "[o]bjectively mild median neuropathies at the wrists, consistent with objectively mild bilateral carpal tunnel syndrome." Tr. 15, 254. The ALJ also considered Dr. Nolan's report that

> [p]hysical examination [of Plaintiff] is laden with suspect findings and disturbing findings, including a voluntary resistance to passive motion, and particularly of the right wrist . . . . There is no anatomic reason for this resistance to passive motion other than voluntary (if unconscious) processes . . . .

Tr. 15, 255. In addition, the ALJ noted Dr. Nolan's opinion that Plaintiff "has evidence of so much symptom magnification and functional overlay" that he strongly recommended against surgery. Tr. 15, 255. Dr. Nolan also reported there was "evidence of suboptimal effort, if not a tendency toward frank malingering" during Phelan testing of Plaintiff's hands. Tr. 255.

The ALJ noted the report of Gerald S. Schoepflin, M.D., F.A.C.P., F.A.C.R., dated February 27, 2003, in which he stated he "had some concern" after his examination of Plaintiff that "subjective symptoms may exceed objective findings." Tr. 15, 247. Plaintiff had reported to Dr. Schoepflin that her energy level was "100% normal" and that she planned to open a day-care center in her home. Tr. 247.

The ALJ also noted Plaintiff reported to Gregory Taylor,

10 - OPINION AND ORDER

M.D., in April 2002 that she was walking 1-1/2 miles per day and was in the process of looking for a job. Tr. 16, 221.

The Court finds the record before the ALJ was neither so ambiguous or inadequate that he was unable to evaluate the Plaintiff's disability evidence properly. The Court, therefore, concludes the ALJ did not err when he did not call a medical expert at the hearing.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 25th day of May, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER